## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

JOHNNY HORNE,

     Plaintiff,                                Case No. 9:21-cv-80105

v.

                                        **JURY TRIAL DEMANDED**

RADIUS GLOBAL SOLUTIONS, LLC,

     Defendant.

_____/

## COMPLAINT

NOW comes JOHNNY HORNE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of RADIUS GLOBAL SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

### PARTIES

4.    Plaintiff is a 60 year old natural "person," as defined by 47 U.S.C. §153(39), residing in West Palm Beach, Florida, which lies within the Southern District of Florida.

5.    Defendant is a third party debt collector that provides debt collection services to a variety of industries. Defendant is a limited liability company organized under the laws of the state of Minnesota with its principal place of business located at 7831 Glenroy Road, Suite 250, Edina, Minnesota.

6.    Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.    The instant action arises out of Defendant's attempts to collect upon a Citibank debt ("subject debt") said to be owed by Plaintiff.

9.    The subject debt stems from purchased Plaintiff made on a personal credit card he was issued by Citibank, and those purchases were used for Plaintiff's personal purposes.

10.    The subject debt is associated with a Citibank account number ending in 5714.

11.    Upon information and belief, after Plaintiff's purported default on the subject debt, Citibank charged off the subject debt and referred it to Defendant for collection purposes.

12.    On or about November 7, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter ("November 7th Letter") attempting to collect upon the subject debt.

13.    The November 7th Letter states that it is attempting to collect the Citibank debt associated with the account ending in 5714 (i.e., the subject debt), further stating that the account is associated with a "Radius Reference Number" that ends in 8381.

14.   The November 7th Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

15.   As such, the November 7th Letter provides Plaintiff with a disclosure of the rights required to be provided under 15 U.S.C. § 1692g(a), which outline Plaintiff's right to seek validation of the debt serving as the basis of Defendant's collection efforts within 30 days of his receipt of the letter.

16.   On or about November 16, 2020, Plaintiff sent Defendant a request for validation of the subject debt well within the initial 30-day window.

17.   Because Plaintiff submitted such written request for validation, Defendant was precluded from taking any additional actions to attempt to collect the subject debt until it provided Plaintiff with validation of the subject debt.

18.   In response to Plaintiff's request for validation, on or about December 1, 2020, Defendant sent Plaintiff a letter stating that the subject debt had been referred back to Citibank and that Defendant was closing the account.

19.   Nevertheless, on or about December 15, 2020, Defendant sent Plaintiff yet another collection letter ("December 15th Letter") attempting to collect the subject debt.

20.   Much like the November 7th Letter, the December 15th Letter was sent in regards to the Citibank account ending in 5714.

21.   The only meaningful difference between the November 7th and December 15th Letters is that the December 15th Letter uses a different "Radius Reference Number."

22.   Plaintiff submitted yet another request for validation in response to Defendant's December 15th Letter via certified mail.

23.   Defendant's attempt to collect the subject debt through the December 15th Letter, without providing Plaintiff the validation he requested in response to the November 7th Letter, underscores

that Defendant harassingly, deceptively, and unfairly sought to skirt its obligations as a debt collector under the FDCPA.

24.  As explicitly stated in 15 U.S.C. § 1692g(b), Defendant was precluded from engaging in any efforts to collect the subject debt until it provided the validation Plaintiff requested.

25.  However, Defendant went ahead and continued its efforts to collect the subject debt without providing Plaintiff with the requested validation.

26.  The fact Defendant referred the debt back to Citibank, only to then engage in subsequent efforts to collect the debt, does not excuse Defendant from failing to cease collection activity until it provided the statutorily required validation information to Plaintiff.

27.  Plaintiff suffered emotional distress stemming from Defendant's conduct, as he was distressed that he was subjected to debt collection efforts without being provided the requested validation.

28.  Plaintiff suffered further concrete harm as Defendant's failure to provide the requested validation, and continuing in its efforts to collect the subject debt without providing validation, resulted in Plaintiff being deprived the ability to intelligently respond to Defendant's collection efforts, in turn leaving Plaintiff at a distinct disadvantage in his dealings in relation to the subject debt.

29.  By being deprived the ability to intelligently respond to Defendant's collection efforts, Plaintiff was harmed in that his efforts to address the subject debt, which would have been considered had Defendant provided the requested validation, were inhibited – in turn subjecting Plaintiff to further potential negative consequences stemming from his unnecessary delay in attempting to address the subject debt.

30.  Plaintiff further lost time having to submit multiple requests for validation, including a request for validation in response to the December 15th Letter, which Defendant was lawfully precluded from sending.

31.  Even further, Plaintiff suffered out of pocket expenses that would not have come about but-for Defendant's violations of the FDCPA, including the cost associated with sending a validation request via certified mail in response to the December 15th Letter – a collection letter which Defendant was lawfully precluded from sending.

32.  The whole purpose of the FDCPA's validation-provision requirement is to ensure that consumers are provided vital information when making their determinations about how to respond to certain collection efforts, and this interest was directly and materially impeded as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

35. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

36. Defendant identifies itself as a debt collector, and is engaged in a business the principal purpose of which is the collection of debts.

37. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a.  Violations of FDCPA § 1692e**

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

40. Defendant violated §1692e, e(2)(A), and e(10) through its deceptive representations that it could continue to collect the subject debt without providing Plaintiff the requested validation. By virtue of sending the December 15th Letter, Defendant deceptively and misleadingly suggested to Plaintiff that such collection efforts were lawful, when in fact they were not.

41. Defendant further violated § 1692e, e(2)(A), and e(10) when it deceptively suggested that it closed the subject debt with its office. Upon information and belief, Defendant did not actually close the account, but instead made its false representation in a deceptive effort to skirt its obligations under the FDCPA.

42. Defendant further violated § 1692e and e(10) when it changed the "Radius Reference Number" in the successive collection letters. Defendant engaged in this conduct in a deceptive attempt to suggest to Plaintiff that its efforts were somehow in connection with a different debt than the one previously serving as the subject of Plaintiff's request for validation.

**b.  Violation of FDCPA § 1692f**

43. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. Defendant violated § 1692f by unfairly continuing to attempt to collect the subject debt without providing validation to Plaintiff. Plaintiff did everything he could to halt Defendant's collection efforts pending its provision of the requested validation, yet Defendant unfairly refused to provide such validation, instead sending Plaintiff an additional collection letter seeking to collect the same debt.

### c. Violations of FDCPA § 1692g

45. Pursuant to 15 U.S.C. §1692g(b), if a consumer submits a written request for validation of a debt, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector."

46. Defendant violated § 1692g(b) by continuing in its efforts to collect the subject debt without providing the required validation to Plaintiff. Defendant's December 15th Letter sought to collect the and at no point Defendant provided such validation, Defendant was lawfully precluded from engaging in any further collection action, including the sending of the December 15th Letter. Defendant's clear violation of law caused Plaintiff concrete harm, as discussed *supra.*

WHEREFORE, Plaintiff JOHNNY HORNE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 19, 2021

Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com